IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,

          v.          Case No.: 24-mj-80

NATHAN JONES.

## MOTION AND INCORPORATED MEMORANDUM IN SUPPORT FOR MENTAL COMPETENCY EVALUATION

COMES NOW the Accused, NATHAN JONES, and moves this court to order that he be evaluated for competency to stand trial. In support counsel files this memorandum of points and authorities.

**I. Legal Predicate**

The mental competency of a defendant to stand trial is governed by 18 U.S.C. § 4241, a provision of the Insanity Defense Reform Act (IDRA) of 1984, which provides that the defendant or the Government can file a motion for a hearing for the court to determine the mental competency of the defendant. See 18 U.S.C. § 4241(a). Under the statute, a court should order an evidentiary hearing, pursuant to § 4247(d), where there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

As set forth under 18 U.S.C. § 4241(b), a court can order that a psychiatric or psychological examination of the defendant be conducted, and that a report be filed with the court. For non-detained defendants, an initial outpatient competency examination is often conducted to avoid the

1

need for the defendant to be committed to a Bureau of Prisons (BOP) facility. A court also has discretion under 18 U.S.C. § 4247(b) to order the accused committed to the custody of the Attorney General for purposes of examination. See *United States v. Weissberger*, 951 F.2d 392, 399 (D.C. Cir. 1991). Such a commitment may be for a reasonable period, not to exceed thirty days, subject to extension for an additional fifteen days on application of the director of the facility making the examination. If after a competency hearing, a court finds by a preponderance of the evidence that the defendant is presently incompetent to stand trial, the court must commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4241(d). The Attorney General must then place the defendant in a suitable facility for treatment for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future, the defendant will attain the capacity to permit the trial to proceed. If, after the initial period of the treatment, the court finds that there is a substantial probability that the defendant will attain the capacity to permit the trial to proceed within an additional reasonable period of time, the Attorney General shall continue to hospitalize the defendant for treatment for an additional reasonable period of time until the defendant regains competence or the pending charges are disposed of according to law. 18 U.S.C. § 4241(d)(2). When the director of the facility in which the defendant is hospitalized determines that the defendant has recovered his or her competency to stand trial, the director must file a certificate to that effect with the clerk of the court that ordered the commitment. The court then will hold another competency hearing. If the court finds by a preponderance of the evidence that the defendant has recovered to the extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order the defendant's immediate discharge from the facility in which the defendant is hospitalized and set a date for trial. 18 U.S.C. § 4241(e).

**II.     Relevant Facts**

The defendant is before the court on a single charge of interfering with an aircraft. The affidavit in support of the criminal complaint describes the defendant, without justification, repeatedly attempting to make his way into the cockpit area of a domestic flight from San Diego travelling to Dulles International Airport. It further attributes post-arrest statements to the defendant that support the need for a mental competency evaluation.

On March 12, 2024, the attached letter was received by counsel from the City of Alexandria Sheriff Department. *Exhibit 1*. The defendant is detained at the City of Alexandria's Adult Detention Center. The letter describes disturbing behavior by the defendant observed by staff members at the detention facility. The description gives grave concerns about the defendant's current mental status.

Undersigned counsel began representing the defendant on March 4, 2024. Since that time counsel has met with the defendant on two occasions. During these meetings the defendant's behavior has been consistent with that described in exhibit 1. Specifically, at times he is non-responsive to counsel's attempts to communicate with him. He further has made statements which raises serious concerns as to whether he understands the charges and reason for his detention.

Finally, on March 6, 2024, the United States Pretrial Services submitted a report to this Honorable Court assessing the defendant's suitability for release on conditions. Included in the report was a recommendation that he receive a mental health evaluation.

**III.**     **Argument**

There is reasonable cause to believe the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. As a consequence, this Honorable Court should order that he submit to a mental competency evaluation.

**IV. Conclusion**

WHEREFORE, pursuant to 18 U.S.C. § 4241, the defendant requests of this Court to enter an order that he be evaluated for competency to stand trial.

I ASK FOR THIS:
By counsel

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
Virginia State Bar No.: 39161
1010 Cameron Street
Alexandria, Virginia
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for NATHAN JONES

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2024, I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF.

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
Virginia State Bar No.: 39161

4

   1010 Cameron Street
   Alexandria, Virginia
   (703) 309 0899 Telephone
   (703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com

5